# JUNE, 1925.

### RED JONES v. THE STATE.

#### No. 8884.   Delivered June 10, 1925.

**Driving Auto Intoxicated—Original Opinion Withdrawn.**

Believing our original opinion in this case in error, same is hereby withdrawn, and this cause reversed because of the uncertainty of the verdict and the error of the court in submitting both counts of the indictment, and authorizing a conviction under both counts. See Williams v. State, delivered May 14, 1925, Venturi v. State, delivered May 14, 1925 and other cases cited.

Appeal from the District Court of Callahan County.   Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction of driving an automobile upon a public road, while intoxicated and driving an automobile upon a public road while in a degree under the influence of intoxicating liquor; penalty, sixty days in the county jail.

The opinion states the case.

*S. E. Damon*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

##### ON MOTION FOR REHEARING.

BAKER, JUDGE.—We have concluded that the original opinion in this case should be and same is, here withdrawn, and in lieu thereof the following opinion be substituted therefor:

The indictment herein having charged the appellant in the first count with driving an automobile upon a public road while intoxicated, and in the second count with driving an automobile upon a

public road while in a degree under the influence of intoxicating liquors, and the court having substitued both of said counts to the jury, and the jury returned a verdict of guilty on each count and assessed the punishment at sixty days in the county jail, being more than the minimum penalty, and the judgment entered in keeping with said verdict, we are of the opinion that the verdict is so uncertain and indefinite that same requires a reversal of this case. The appellant being convicted of a felony, and the verdict of guilty being on two separate counts, assessing more than double the minimum penalty, renders same uncertain as to whether the jury intended to punish appellant upon each count in the indictment at sixty days in jail on each count or for sixty days only for both counts. If it was intended for the former the penalty would aggregate one hundred twenty days, and if the latter sixty days.

This uncertainty we think requires a reversal of this case. Williams v. State, delivered May 14th, 1925, unreported. Venturi v. State, delivered May 14th, 1925, unreported. Nelson v. State, 261 S. W. 1046; Modica v. State, 251 S. W. 1049; Banks v. State, 257 S. W. 283; Rambo v. State, 258 S. W. 827. While we believe the statute in question embraces only one felony, describing two means of its violation yet we believe the authorities supra cover the questions herein discussed, and covers the principles herein announced. The court should not have instructed the jury to find a verdict in both counts nor have received such a verdict.

For the reasons above stated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.