EX PARTE JOHN W. HANNEN.

No. 24800. April 12, 1950.
State's Motion for Rehearing Granted May 31, 1950.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator is confined in the penitentiaries of Texas under a conviction in Cause 5338 in the district court of Stephens County, Texas, the sentence being for "embezzlement" and for a term of not less than two years nor more than five years.

Relator relies upon the decisions of this court in Ex Parte East, 154 Tex. Cr. R. 123, 225 S.W. 2d 833, and cases therein cited as supporting his contention that the judgment is void for uncertainty as to punishment, and he seeks release from further confinement under such conviction.

Upon its face, the judgment upon which relator's sentence is predicated shows that upon a plea of guilty, the punishment of relator was assessed by the court at "not less than two nor more than five years."

It was shown in Ex Parte East that the judgment entered showing the punishment to have been assessed at "not less than five years, nor more than his natural life," was the judgment actually pronounced and rendered by the trial court, a jury being waived.

In the trial of an accused for a felony for which the punishment is not absolutely fixed by law, in the event of their finding the defendant guilty, the jury must assess the punishment. See. Art. 693, C.C.P.

Such punishment to be stated in the verdict must be definite and certain. See Jones v. State, 101 Tex. Cr. R. 71, 274 S.W. 566.

The judgment rendered by the court is required to be entered of record. It must show the verdict and adjudge that the defendant be punished as has been determined by the jury. See Art. 766, C.C.P.

Art. 10(a), Vernon's Ann. C.C.P., provides for the waiver of a jury by the defendant in felony cases less than capital, upon entry of plea of guilty.

This article empowers the court in such cases to assess the punishment on a plea of guilty. Bolton v. State, 123 Tex. Cr. R. 543, 59 S.W. 2d 833.

The court may assess the punishment by an order or a "verdict," or he may do so in the judgment rendered by him.

In the event that the punishment is assessed in the judgment, the judgment partakes of the nature of, and performs the functions of, a verdict. See Ex Parte Traxler, 147 Tex. Cr. R. 661, 184 S.W. 2d 286.

A sentence is the order of the court in a felony case required to be made and entered, ordering the judgment to be carried into execution. See Art. 767, C.C.P.

Art. 775, Vernon's Ann. C.C.P., provides that where the punishment is assessed at confinement in the penitentiary for more than the minimum, the judge shall pronounce an indeterminate sentence fixing in such sentence as the minimum, the time provided by law as the lowest term in the penitentiary for the offense, and as the maximum, the term stated in the verdict.

In the absence of a definite term being assessed by the court or jury, there is no basis for a valid sentence under this article.

In Ex Parte East, 154 Tex. Cr. R. 123, 225 S. W. 2d 833, and the cases there cited, as well as other later cases, the judgment

was held void for want of a definite punishment having been in fact assessed.

But if in fact, a definite punishment was assessed and the entry of a judgment showing otherwise was by clerical error, the judgment may be corrected by the court which rendered it under its inherent powers, so as to make the record speak the truth, by nunc pro tunc entry of the judgment as same was actually rendered in the case when tried. See Ex Parte Patterson, 139 Tex. Cr. R. 489, 141 S.W. 2d 319; Ex Parte Mattox, 137 Tex. Cr. R. 380, 129 S.W. 2d 641.

And upon appeal, a judgment may be reformed to conform to the verdict. See Jones v. State, supra.

In addition to the matter of punishment, it is noted that the offense is described in the judgment and sentence as "embezzlement," without showing the offense to be a felony.

Relator is not entitled to be discharged, but he is ordered relieved from present confinement in the penitentiary and delivered by the penitentiary authorities to the custody of the sheriff of Stephens County, Texas, to abide the further orders of the district court of Stephens County, in Cause No. 5338, on the criminal docket of said court:

Unless upon a hearing in said court it be shown that the entry of the judgment was by clerical error, and such error be corrected in the manner provided by law by the entry nunc pro tunc of the judgment actually rendered showing a definite punishment to have been actually assessed at the time of the trial, relator shall be held to answer the charge in the indictment as though a new trial had been granted.

But should it be shown that on the original trial, relator was adjudged to be guilty of felony embezzlement and his punishment was assessed at a definite term, and a correct judgment be entered now for then, relator's sentence may likewise be reformed to follow such judgment. The sentence may not be otherwise altered except to make it speak the truth as to the sentence heretofore pronounced, but may be by the court credited with the time relator has been confined on such charge. Relator shall have his right of appeal from such judgment and sentence so corrected by nunc pro tunc entry.

Opinion approved by the court.

14

WOODLEY, Judge.

The original opinion erroneouly referred to the punishment shown by the judgment in evidence as 2 to 5 years. We should have said 2 to 10 years.

The state's motion for rehearing alleges that the judgment actually rendered by the trial court and entered in its minutes assessed the punishment of relator at 10 years in the penitentiary.

On May 3, 1950, the mandate issued herein was recalled by this court, and on May 10, 1950, after submission of the state's motion for rehearing, an order was issued directing the judge of the trial court to ascertain the true facts as to the indictment, and as to the judgment and orders entered of record in Cause No. 5338, in which relator was convicted of embezzlement.

The findings of the trial court are now before us, and it appears therefrom that the judgment rendered by the trial court was entered on the minutes of the court by the clerk on February 26, 1948, showing the punishment assessed to be "not less than two nor more than ten years." That on February 28, 1948, and during the same term of court, the minutes were corrected so as to show the punishment assessed to be ten years instead of not less than 2 nor more than 10 years. That at the time the minutes were signed and approved on February 28, 1948, the judgment as entered correctly showed the punishment actually assessed by the judge, which was ten years in the penitentiary.

It was the right and duty of the trial judge to correct as well as to sign the minutes on adjournment of the term. See Rule 20, R.C.P.

It appears that in this, as in other records that have come to our attention, the carelessness of officers of the court in their use of incorrectly printed forms have become the basis of many fruitless efforts of convicts to secure their release from the penitentiary. Purported copies of judgments and orders as they appear in the court's minutes should not be certified as correct without a careful check.

It now appears that relator is legally restrained under a valid conviction.

The state's motion for rehearing is therefore granted, and the former opinion granting the writ conditionally is set aside.

And relator's application for release or discharge is now denied.

Opinion approved by the court.