**Ex parte Charles O. BRIAN.**

**No. 38281.**

Court of Criminal Appeals of Texas.

April 28, 1965.

Baldwin & Goodwin, by Joe B. Goodwin, Beaumont, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Relator filed his application for Writ of Habeas Corpus pro se directly in this Court under the authority of Art. 119, Vernon's Ann.C.C.P. The basic allegation of the application is grounded upon his incarceration in the Texas Department of Corrections under a void judgment, said judgment having been rendered on July 27, 1962, in Cause No. 6480, of the District Court of Orange County, Texas. Said judgment reciting, "It is, therefore, considered and adjudged by the Court that the defendant, Charles O. Brian, is guilty of the offense of burglary as confessed by him in his said plea of guilty herein made, and that he be punished by confinement in the State Penitentiary for a term of not less than two nor more than twelve years."

This Court, after receiving the application for Writ of Habeas Corpus, directed the 12th District Court of Walker County to develop the facts, and a hearing was held on December 4, 1964, before the Honorable Max M. Rogers with the Assistant Attorney General, the Honorable J. G. Davis, representing the State. After the

facts were developed, same were submitted to this Court, and this cause was set for submission before this Court on April 21, 1965.

The Statement of Facts reveals that the relator is being confined by virtue of the judgment in question, a copy of which was introduced in evidence and is attached to the Statement of Facts. This record also reveals that relator's confinement under said judgment is the only authority under which he is presently being held in the Texas Department of Corrections and there are no other charges or judgments against him. The record further reveals that there has never been any nunc pro tunc correction of the judgment in question. The record clerk for the Texas Department of Corrections, Mr. J. C. Roberts, further testified that at the time of the hearing the relator had served calendar time of two years, five months and seven days with a total time of four years, six months and nine days.

Relator relies upon the decisions of this court in Ex parte East, 225 S.W.2d 833, 154 Tex.Cr.R. 123, Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120, and cases therein cited as supporting his contention that the judgment is void for uncertainty as to punishment, and he seeks release from further confinement under such conviction.

■ In the absence of a definite term being assessed by the court or jury, there is no basis for a valid sentence under Art. 775, V.A.C.C.P.

We adopt herein the procedure outlined by this Court in the case of Ex parte Hannen, 155 Tex.Cr.R. 10, 228 S.W.2d 864, 230 S.W.2d 236, in our disposition of this case.

Relator is not entitled to be discharged, but he is ordered relieved from present confinement in the Texas Department of Corrections and delivered by the authorities of said Texas Department of Corrections to the custody of the Sheriff of Orange County, Texas, to abide the further orders of the District Court of Orange County,

in Cause No. 6480, on the Criminal Docket of said court.

■ Unless upon a hearing in said court it be shown that the entry of the judgment was by clerical error, and such error be corrected in the manner provided by law by the entry nunc pro tunc of the judgment actually rendered showing a definite punishment to have been actually assessed at the time of trial, relator shall be held to answer the charge in the indictment as though a new trial had been granted.

■ But should it be shown that on the original trial, relator was adjudged to be guilty of the offense of burglary and his punishment was assessed at a definite term, and a correct judgment be entered nunc pro tunc (now for then), relator's sentence may likewise be reformed to follow such judgment. The sentence may not be otherwise altered except to make it speak the truth as to the sentence heretofore pronounced, but may be by the court credited with the time relator has been confined on such charge. Relator shall have his right of appeal from such judgment and sentence so corrected by nunc pro tunc entry.

The writ is granted as above set forth.