**Ex parte Jack YOUNG.**

No. 40775.

Court of Criminal Appeals of Texas.

Sept. 14, 1967.

Jack Young, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding in which the applicant seeks release from confinement in the Texas Department of Corrections under a final conviction in a felony case.

Petition presented originally to this Court is one of the means by which the constitutional authority of the Court of Criminal Appeals to "issue the writ of habeas corpus" may be invoked and the power vested in said Court "upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction" applied. (Art. V, Sec. 5, Constitution of Texas, Vernon's Ann.St.)

Another means by which relief from confinement under a void conviction for a felony may be obtained is that provided by the statute, now Art. 11.07, Vernon's Ann.C.C. P. as amended, that is by petition originally presented to a district court or judge thereof who likewise have constitutional authority "to issue writs of habeas corpus". Art. V, Sec. 8, Constitution of Texas.

We are now faced with the duty of construing said Art. 11.07 of the 1965 Code of Criminal Procedure as amended by SB 145, Acts of the 60th Legislature, p. 1734, effective August 28, 1967, in the light of the following:

■ New concepts of the meaning of due process announced by the Supreme Court of the United States are binding on State as well as Federal Judges, and their duties and responsibilities in the administration of federal constitutional law are co-equal.

■ A judgment of conviction obtained in violation of due process of law is void for want of jurisdiction of the court to enter such judgment. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

■ Habeas corpus is an appropriate means by which relief from confinement under a void conviction may be obtained in the State as well as in the Federal Courts. Ex parte Bush, Tex.Cr.App., 313 S.W.2d 287; Ex parte McCune, 156 Tex.Cr.R. 213, 246 S.W.2d 171; Ex parte Puckett, Tex.Cr.App., 310 S.W.2d 117; Ex parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286; Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120.

■ Under recent decisions of Federal Courts sitting in Texas, Art. 11.07 C.C.P. 1965 provides an effective, adequate and speedy post conviction remedy in that it offers the applicant the opportunity for a full and fair state court fact-finding hearing of the sort dictated by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 9 L.Ed.2d 770, 83 S.Ct. 745, but

The original filing in the Court of Criminal Appeals of a petition for writ of habeas corpus is "virtually ineffective" for providing the type of fact-finding hearing promulgated in Townsend v. Sain; and

■ The denial of an application for writ of habeas corpus filed originally in the Court of Criminal Appeals by a convicted felon is not exhaustive of the post conviction remedy available under Texas law. Harris v. Beto, decided January 7, 1967, Memorandum Order, Northern District of Texas; Castillo v. Beto, decided March 1, 1967, Memorandum Order, Northern District of Texas; Carroll v. Beto, 379 F.2d 329, 1967, Memorandum Order, Northern District of Texas (affirmed, Carroll v. Beto, 270 F.Supp. 812, 1967, 5th Circuit Court of Appeals).

Certiorari will be granted by the Supreme Court and the denial of a petition for writ of habeas corpus presented originally to the Court of Criminal Appeals alleging facts which, if proved, would render the applicant's confinement under a felony conviction illegal and entitle him to relief without a hearing such as dictated in Townsend v. Sain will be vacated with costs and the case remanded to the Court of Criminal Appeals for further proceedings not inconsistent with the Supreme Court's opinion. See Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526; Ex parte Greer, Tex.Cr.App., 408 S.W.2d 711.

■ Where the applicant is entitled to a writ or a hearing on his petition and is denied such right, the Court of Criminal Appeals may hear the petition as an original proceeding. Ex parte Pearce, Tex.Cr.App., 230 S.W.2d 830; Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153; Ex parte Geter, Tex.Cr.App., 383 S.W.2d 405. See also Ex parte Williams, 169 Tex.Cr.R. 96, 331 S.W.2d 940.

■ Under prior decisions the Court of Criminal Appeals is not bound by the findings of the district judge but decides the case upon facts ascertained "by affidavit or otherwise." Art. V, Sec. 5, Constitution of Texas.

The resolution of disputed issues of fact has not heretofore been left with the district judge, subject to review of the Court of Criminal Appeals, either where the petition was presented to the district judge under

Art. 11.07 or presented originally to the Court of Criminal Appeals. (See Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120, where the judge of the trial court failed to certify the facts, as requested, and the Court of Criminal Appeals assumed that the allegations of the petition originally presented to said court were true; and State ex rel. Wilson v. Briggs, Tex.Cr.App., 351 S.W.2d 892, where the Court of Criminal Appeals declined to be bound by findings of a district judge.)

The distinction between issuing the writ and granting the relief prayed for in the petition of an applicant seeking relief from confinement under a felony conviction has been particularly important in Texas procedure because, under the statute the district judge may issue the writ but may not order the applicant released. However, the Supreme Court in Townsend v. Sain, supra, has promulgated the rule that a Federal Court must grant an evidentiary hearing to a state convict applicant "under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court-hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. * * * There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant. * * * [S]tate factual determinations not fairly supported by the record cannot be conclusive of federal rights." Townsend v. Sain, supra.

█ Unless the Court of Criminal Appeals grants relief and orders an applicant released final decision on his petition for writ of habeas corpus after conviction in a felony case rests with the Supreme Court of the United States, either by appeal or certiorari from the denial of relief by the Texas Court of Criminal Appeals, or by appeal from the order of a Federal district or circuit court granting or denying post conviction release.

Orderly state procedure may not be deliberately bypassed. Having exhausted state remedies which are presently available to him, the state prisoner may be granted a hearing in the Federal District Court. He need not have applied for writ of certiorari to the Supreme Court from the denial of relief by the Court of Criminal Appeals. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

Art. 11.07 applies only in felony cases. Some of the other articles found in Chapter Eleven are relevant after conviction but others are not.

Art. 11.01 defines writ of habeas corpus to be an order issued by a court or judge of competent jurisdiction, directed to any one having a person in custody, or under his restraint, commanding him to produce such person at a time and place named in the writ, and show cause why he is held in custody or under restraint.

█ In habeas corpus after conviction the writ returnable to the Court of Criminal Appeals does not serve the purpose of having the convicted felon produced before said court, and the question is not why he is confined in the Texas Department of Corrections but whether the judgment of conviction under which he is so confined is void.

For convenience we quote Art. 11.07 as amended, indicating the changes and omissions from the statute as re-enacted in 1965 and emphasizing the additions thereto.

Art. 11.07, as amended in 1967, SB 145, Acts 60th Legislature, p. 1732 (at p. 1734).

"After indictment found in any felony case, and before conviction, the writ must be made returnable in the county where the offense has been committed.

"After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas. The writ may issue upon the order of any district judge, and said judge may upon presentation to him of a petition for said writ, set the same down for a hearing as to whether the writ should issue, and ascertain the facts, which facts shall be transmitted to the Court of Criminal Appeals with the return of the writ if same is issued after such hearing. Provided further, that should such writ be returned to the Court of Criminal Appeals without all the facts ~~accompanying same, or without all the facts~~ deemed necessary by the Court of Criminal Appeals, said court may designate and direct any district judge or judges of this state to ascertain the facts necessary for proper consideration of the issues involved. WHEN A PETITION FOR WRIT OF HABEAS CORPUS PRESENTED TO THE JUDGE OF THE CONVICTING COURT CONTAINS SWORN ALLEGATIONS OF FACT, WHICH, IF TRUE, WOULD RENDER PETITIONER'S CONFINEMENT UNDER THE FELONY CONVICTION ILLEGAL, THE ATTORNEY REPRESENTING THE STATE IN SAID COURT AND THE ATTORNEY GENERAL OF TEXAS SHALL BE AFFORDED AN OPPORTUNITY TO ANSWER SUCH ALLEGATIONS, AND IF IT APPEARS THAT THERE ARE ISSUES OF FACT WHICH ARE MATERIAL ON THE QUESTION OF WHETHER THE PETITIONER IS ILLEGALLY RESTRAINED WHICH HAVE NOT BEEN RESOLVED, THE PETITIONER MAY BE GRANTED A HEARING ON SUCH ISSUES OF FACT AND THE JUDGE CONDUCTING SUCH HEARING SHALL MAKE AND FILE HIS FINDINGS OF FACT AND CONCLUSIONS OF LAW. It shall be the duty of the official court reporter of the district judge or judges so designated to forthwith prepare a narration of the facts adduced in evidence upon any such hearing and transmit the same, TOGETHER WITH THE JUDGE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW, to the clerk of the Court of Criminal Appeals within ten days of the date of such hearing. And it shall be the duty of the district clerk of the county wherein the writ is issued to make up a transcript of all pleadings in such case and to transmit the same within thirty days to the clerk of the Court of Criminal Appeals. Provided, that upon good cause shown, the time may be extended by the Court of Criminal Appeals for filing of such narration of facts or transcript.

~~"The clerk of the Court of Criminal Appeals shall forthwith docket the cause and same shall be heard by the court at the earliest practicable time.~~

THE COURT OF CRIMINAL APPEALS MAY DENY RELIEF UPON THE FINDINGS AND CONCLUSIONS OF THE HEARING JUDGE WITHOUT DOCKETING THE CAUSE, OR MAY DIRECT THAT THE CAUSE BE DOCKETED AND HEARD AS THOUGH ORIGINALLY PRESENTED TO SAID COURT OR AS AN APPEAL. Upon reviewing the record the court shall enter its judgment remanding the petitioner to custody or ordering his release, as the law and facts may justify. The mandate of the court shall issue to the court issuing the writ, as in other criminal cases. After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.

"Upon any hearing by a district judge by virtue of this Act, the attorney for petitioner, and the state, shall be given at least ~~one~~ THREE full day's notice before such hearing is held."

In view of the foregoing, we now hold that Art. 11.07 of the 1965 Code of Criminal Procedure as amended:

1. Supplies statutory authority for the resolution of contested factual issues mate-

rial on the question of whether the petitioner (more properly referred to as "applicant" Art. 11.13 V.A.C.C.P.) is illegally restrained under a judgment of conviction in a felony case after a full and fair hearing on the issues tendered by the petition.

2. Furnishes statutory authority whereby the Court of Criminal Appeals may accept and adopt the findings of the district judge on such disputed issues of fact or review such findings to ascertain whether they are fairly supported by the transcription of the evidence and the record, including specific authority to deny relief upon the findings and conclusions of the district judge without docketing the cause. Unless otherwise agreed by the parties with the approval of the judge, the "narration of the facts adduced" shall consist of a transcription of all of the proceedings shown by the court reporter's notes.

3. Authorizes the judge of the convicting court to require that the petition contain sworn allegations of *fact* rather than mere conclusions. Oath "that the allegations of the petition are true, according to the belief of the petitioner," Art. 11.14 V.A.C.C.P., would not meet the requirement that the post conviction petition contain sworn allegations of fact, and allegation such as that petitioner was denied due process of law or effective aid of counsel would not be sufficient as "allegations of fact."

4. Supplies statutory authority whereby the judge of the convicting court may afford his district attorney and the Attorney General the opportunity to answer the sworn allegations of the petition before determining whether to grant a hearing; whether the facts alleged under oath, if proved, would render the applicant's confinement under the felony conviction illegal, and if so whether such facts are disputed or have been resolved (such as at the trial or during the pendency of the motion for new trial or the appeal, or a prior collateral hearing).

5. Adds to Art. 11.07 provisions which relate to petitions presented to the judge of the convicting court which offer the most effective and speedy procedure for obtaining relief from confinement under a void felony conviction. This warrants our conclusion that in view of the authorities cited above the applicant should be required to first petition the judge of the court where he was convicted before his petition will be considered by the Court of Criminal Appeals or the Federal Courts.

Upon petition being presented to him as provided in Art. 11.07 as amended, the judge of the convicting court may:

Grant or deny the petition in the same manner as any other district judge, with or without a hearing. If the facts are undisputed the district judge may so certify in issuing or refusing to issue the writ.

If the undisputed facts or the facts resolved by him after hearing warrant such proceedings, the judge of the convicting court may be in position to afford the applicant rights which have been denied him, such as counsel on appeal; record on appeal; effective aid of counsel on appeal; determination of voluntariness of confession; and nunc pro tunc proceedings to supply or correct the record. See Ex parte Brown, Tex.Cr.App., 210 S.W.2d 597; Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120; Ex parte Hannen, 155 Tex.Cr.R. 10, 230 S.W.2d 236; Ex parte Brian, Tex.Cr.App., 389 S.W.2d 467; Ex parte Mixon, Tex.Cr.App., 396 S.W.2d 417 (in which the writer dissented).

In this way the applicant may, in some instances, be afforded all of the relief which the Court of Criminal Appeals or the Federal Court would afford him under the facts.

As we construe Art. 11.07 it requires that where a hearing on disputed fact issues is granted by the judge of the convicting court, the attorney for applicant and the state shall be given at least three full days notice and the judge conducting such hearing shall make his findings of fact and con-

clusions of law to be transmitted to the Clerk of the Court of Criminal Appeals with a narration of the facts in the same manner as any judge designated by the Court of Criminal Appeals to ascertain the facts, without regard to whether a writ of habeas corpus returnable to the Court of Criminal Appeals is issued. However, no district judge is required to entertain a petition for writ of habeas corpus and may deny a petition presented to him without a hearing and without finding or conclusion, in which event the applicant may present his petition to another district judge or to the Court of Criminal Appeals.

■ The omission of the provision that the cause which reaches the Court of Criminal Appeals by writ of habeas corpus returnable to said court "shall be heard at the earliest practicable time" does not change the rule that "Habeas corpus cases will have precedence * * *." (Rules of the Court of Criminal Appeals (4)

Our construction of Art. 11.07 as amended (1) furnishes support for the holding of the Federal District Courts sitting in Texas that said statute provides an effective, adequate and speedy post conviction remedy, whereas original filing in the Court of Criminal Appeals does not; (2) supplies the need of the Federal Courts for fact-findings as well as a record from which they may determine whether a hearing in Federal Court is required under Townsend v. Sain, supra; and (3) provides for fact-findings which the Court of Criminal Appeals or the Federal Courts may adopt.

(4) Is consistent with the Supreme Court's concepts of due process of law and its rules promulgated in Townsend v. Sain, supra, as to when a Federal District Court must grant a hearing, including the exhaustion of state remedies (Fay v. Noia, supra).

(5) Preserves the final authority vested in the Court of Criminal Appeals in habeas corpus under the Constitution and statutes of Texas, and

(6) Gives effect to the portion of Art. 11.07 which provides:

"After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."

■ The primary responsibility now being cast upon the convicting court by the amendment of Art. 11.07, the Court of Criminal Appeals will no longer exercise its constitutional original jurisdiction to entertain petitions seeking post conviction relief from confinement under a felony case unless it be shown that the petition, or one containing like sworn allegations of fact, has been presented to the judge of the convicting court.

The petition for writ of habeas corpus is denied without prejudice. No motion for rehearing will be entertained and mandate shall issue.