**Ex parte Eugenio CASTANUELA.**

**No. 41156.**

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

For decision on merits after appointment of counsel see Tex.Cr.App., 435 S.W. 2d 146.

Terry Topham, San Antonio, for petitioner (by appointment).

James Barlow, Dist. Atty., Sparta Bitsis and M. C. Gonzales, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a habeas corpus proceeding instituted pursuant to Art. 11.07, Vernon's Ann.C.C.P., as construed following its amendment in 1967 in Ex parte Young, Tex. Cr.App., 418 S.W.2d 824.

The petition having been presented to Honorable A. A. Semaan, Judge of the 175th Judicial Court of Bexar County, counsel was appointed to represent the applicant who seeks release from confinement in the Texas Department of Corrections under the judgment of conviction in said court which was affirmed in 1961 by this Court in Castanuela v. State, 171 Tex. Cr.R. 173, 346 S.W.2d 332, prior to the decision of the Supreme Court of the United States in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

Following a hearing, Judge Semaan found from evidence adduced that applicant had

been denied the effective aid of counsel on appeal and forwarded his findings and conclusions to this Court.

We do not find it necessary at this time to pass upon the question of whether applicant is illegally restrained under the judgment of conviction in the Texas Department of Corrections. We direct attention to the opinion of this Court in Ex parte Young, supra, wherein we said:

"If the undisputed facts or the facts resolved by him after hearing warrant such proceedings, the judge of the convicting court may be in position to afford the applicant rights which have been denied him, such as counsel on appeal; record on appeal; effective aid of counsel on appeal; determination of voluntariness of confession; and nunc pro tunc proceedings to supply or correct the record. See Ex parte Brown, 152 Tex.Crim. R. 3, 210 S.W.2d 597; Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120; Ex parte Hannen, 155 Tex.Cr.R. 10, [228 S.W.2d 864] 230 S.W.2d 236; Ex parte Brian, Tex.Cr.App., 389 S.W.2d 467; Ex parte Mixon, Tex.Cr.App., 396 S.W.2d 417.

"In this way the applicant may, in some instances, be afforded all of the relief which the Court of Criminal Appeals or the Federal Court would afford him under the facts."

We suspend further proceedings in this Court in connection with the application and postpone final disposition thereof to await further proceedings in the trial court authorized by our holding in Ex parte Young, supra, above quoted.

The trial court can now, as he might have at the conclusion of his hearing, appoint counsel on appeal and afford the applicant a delayed or out of time appeal to this Court with benefit of counsel.

ONION, J., not participating.