**William Eugene WAGONER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41689.

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

R. T. Scales, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Kerry P. FitzGerald and Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft with two prior convictions alleged for enhancement under the provisions of Article 63, Vernon's Ann.P.C.; the punishment, originally assessed, life.

This is what has now been popularly denominated as an out of time appeal. See Ex parte Mixon, Tex.Cr.App., 396 S.W.2d 417; Mixon v. State, Tex.Cr.App., 401 S.W.2d 806; Ex parte Castanuela, Tex. Cr.App., 435 S.W.2d 145; Castanuela v. State, Tex.Cr.App., 435 S.W.2d 146; Crawford v. Beto, 5 Cir., 383 F.2d 604; Craw-

ford v. State, Tex.Cr.App., 435 S.W.2d 148.

Following appellant's 1959 trial his conviction was affirmed by this Court in 168 Tex.Cr.R. 576, 330 S.W.2d 452.

On February 26, 1968, pursuant to the provisions of Article 11.07, Vernon's Ann. C.C.P., 1967, appellant filed an application for writ of habeas corpus in the convicting court alleging that at the time of his original appeal he was indigent, was denied counsel on appeal and had not waived the same.

Following the habeas corpus hearing at which appellant was represented by court appointed counsel, the trial judge found appellant's contentions to be correct. At such time the trial judge then granted appellant an out of time appeal with counsel as he was authorized to do. Ex parte Castanuela, supra; Ex parte Young, Tex. Cr.App., 418 S.W.2d 824.

Another matter was also called to the trial court's attention. In addition to the instant or primary offense of burglary the indictment alleged a prior conviction for robbery on July 8, 1954, as well as a prior conviction for burglary on June 7, 1951. Appellant contended that there was no evidence in the record to show that the 1954 robbery conviction was for an offense that was committed after the 1951 burglary conviction had become final; that the statute of limitations for robbery by assault is five years (Article 12.03, V.A.C.C.P.— former Article 179); that in absence of such proof appellant's punishment could not be enhanced under Article 63, V.A.P.C. citing Hamilton v. State, Tex.Cr.App., 397 S.W.2d 225. See also Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697; Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383; Cowan v. State, 172 Tex.Cr.R. 183, 355 S.W.2d 521; See 1 Branch's Anno. P.C., 2d Ed., Sec. 698. The State agreed with appellant's position. The trial judge then reformed the judgment and sentence to reflect the punishment assessed to be 12 years rather than life. Article 62, V.A.

**870**

P.C.; Fairris v. State, 171 Tex.Cr.R. 416, 350 S.W.2d 935; Schmeideberg v. State, Tex.Cr.App., 415 S.W.2d 425.

On this appeal appellant's sole ground of error is that the evidence is insufficient to sustain a conviction under Article 63, V.A.P.C. and that the trial court correctly reformed the judgment. The State asks only that if the trial court lacked the authority to reform the judgment, that this Court do so and affirm this conviction under Article 62, V.A.P.C.

We conclude that the able trial judge acted correctly in reforming the judgment.

In Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, at page 829, this Court said:

"Upon petition being presented to him as provided in Art. 11.07 as amended, the judge of the convicting court may:

"Grant or deny the petition in the same manner as any other district judge, with or without a hearing. If the facts are undisputed the district judge may so certify in issuing or refusing to issue the writ.

"If the undisputed facts or the facts resolved by him after hearing warrant such proceedings, the judge of the convicting court may be in position to afford the applicant rights which have been denied him, such as counsel on appeal; record on appeal; effective aid of counsel on appeal; determination of voluntariness of confession; and nunc pro tunc proceedings to supply or correct the record. See Ex parte Brown, Tex.Cr. App., 210 S.W.2d 597; Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120; Ex parte Hannen, 155 Tex.Cr.R. 10, 230 S.W.2d 236; Ex parte Brian, Tex.Cr. App., 389 S.W.2d 467; Ex parte Mixon, Tex.Cr.App., 396 S.W.2d 417 (in which the writer dissented).

"In this way the applicant may, in some instances, be afforded all of the relief which the Court of Criminal Appeals or the Federal Court would afford him under the facts."

Our prior opinion in this case, 168 Tex. Cr.R. 576, 330 S.W.2d 452, is set aside and the mandate of affirmance issued as a result thereof is hereby withdrawn. As reformed by the trial judge, the judgment here is affirmed.