**Coke PARRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42843.**

Court of Criminal Appeals of Texas.

May 6, 1970.

Fred Fick, Fort Worth (on appeal only), for appellant.

Frank Coffey, Dist. Atty., John Brady and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is murder; the punishment, life.

Appellant's trial commenced on December 7, 1964. On January 13, 1965, his motion for new trial was overruled and sentence was pronounced on the same date. No notice of appeal was given from this conviction obtained under the former Code of Criminal Procedure.

**506**

On or about February 26, 1968, the appellant forwarded an application for habeas corpus under the provisions of Article 11.07, Vernon's Ann.C.C.P., 1967, to the convicting court. Said application made a claim as to suppression of evidence and the denial of an appeal. The State answered such application by urging the court to grant the appellant an "out of time appeal" and "an out of time motion for new trial."[1] The State cited Ex parte Castanuela, Tex. Cr.App., 435 S.W.2d 145, in support of their position. The court then, *without an evidentiary hearing*, made certain findings of facts and conclusions of law on March 25, 1968. Therein the court noted that at the time of the trial and sentencing appellant was not indigent and was represented by counsel of his own choice and did not give notice of appeal. The court found that the habeas corpus application presented an unresolved fact which could be resolved by an out of time appeal; that no evidentiary hearing should be held until after the Court of Criminal Appeals had acted on the out of time appeal; that the appellant was now indigent and entitled to counsel to file an amended motion for new trial and give notice of appeal; that it be recommended to the Court of Criminal Appeals that disposition of the writ application be suspended until the out of time appeal was presented. The record on appeal was then ordered prepared.

Thereafter on February 15, 1969, appointed counsel filed an amended motion for new trial, and on February 24, 1969, a hearing thereon was held at the conclusion of which the motion was overruled. Again, no notice of appeal was given.[2]

The appellate brief filed in the trial court by appellant's appointed counsel contends only one ground of error has merit —that during the trial the court refused to permit the appellant to re-open his case and present further testimony. Such was not one of his claims advanced by his habeas corpus application.

First, we observe that there was no notice of appeal given in accordance with Articles 826 and 827, V.A.C.C.P., 1925, in effect at the time of appellant's conviction. In fact, there appears to be no notice of appeal given at any time.

Article 44.08, Sec. (e) of the 1965 Code of Criminal Procedure (effective January 1, 1966) provides that "[f]or good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days." See Article 44.08(c), V.A.C.C.P.

■ If it be argued that notice was given pursuant to that statute, attention is called to Phillips v. State, Tex.Cr.App., 440 S.W.2d 857, where this Court held that Article 44.08(e), supra, did not authorize the trial judge to extend the time for giving notice of appeal from a conviction had at a term of court which expired prior to January 1, 1966 (the effective date of the 1965 Code of Criminal Procedure).

■ Therefore, the appeal in the case at bar is dismissed.

It is obvious that the court and the State misconstrued the procedure discussed in Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, 829, where this Court, discussing the procedure to be followed under Article 11.-07, supra, said:

"If the undisputed facts or the facts resolved by him after hearing warrant such proceedings, the judge of the convicting court may be in position to afford the applicant rights which have been denied him, such as counsel on appeal; record on appeal; effective aid of counsel on appeal; determination of voluntariness of confession; and nunc pro tunc proceedings to supply or correct the

---

1. The authority for such "out of time motion for new trial," under the circumstances presented, is unknown to this Court.

2. The court did state at the time, "I will grant the out of time appeal."

record. See Ex parte Brown, Tex.Cr. App., 210 S.W.2d 597; Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120; Ex parte Hannen, 155 Tex.Cr.R. 10, 230 S.W.2d 236; Ex parte Brian, Tex.Cr.App., 389 S.W.2d 467; Ex parte Mixon, Tex. Cr.App., 396 S.W.2d 417 (in which the writer dissented).

"In this way the applicant may, in some instances, be afforded all of the relief which the Court of Criminal Appeals or the Federal Court would afford him under the facts."

 It is clear that the procedure discussed is to be taken only after an evidentiary hearing based on an Article 11.07 application for post conviction habeas corpus, absent an agreed statement of facts or a certification of undisputed facts by the court.

In Ex parte Castanuela, Tex.Cr.App., 435 S.W.2d 145, cited by the State to the trial court, the convicting court did hold an evidentiary hearing and determined that the petitioner had been denied effective aid of counsel on appeal and was thus entitled to an out of time appeal with counsel. This Court held that under such circumstances the trial court could have afforded Castanuela the out of time appeal at the conclusion of such hearing without first forwarding his findings and conclusions to this Court for approval of his action. See also Castanuela v. State, Tex.Cr.App., 435 S.W.2d 146; Baker v. State, Tex.Cr.App., 447 S.W.2d 172; Slaughter v. State, Tex. Cr.App., 439 S.W.2d 836; Wagoner v. State, Tex.Cr.App., 434 S.W.2d 868. Cf. Crawford v. State, Tex.Cr.App., 435 S.W. 2d 148.

The procedure discussed in Ex parte Young, supra, was not designed to authorize a trial judge without a hearing to utilize the office of an out of time appeal to resolve disputed fact issues presented to him by an application for post conviction habeas corpus relief.

The out of time appeal is dismissed and the trial court may now proceed to act upon the application for habeas corpus under Article 11.07, V.A.C.C.P., which application was suspended pending action on the out of time appeal by this Court.

It is so ordered.