**Vernon Joe MORROW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45051.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Scott Bradley, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an out of time appeal from a conviction on May 11, 1967, for the offense of burglary. Punishment was enhanced under the provisions of Article 62, Vernon's Ann.P.C., and was assessed at twelve years.

Appellant's trial commenced on May 10, 1967. Sentence was pronounced on September 26, 1967, from which no notice of appeal was given.

Appellant forwarded an application for habeas corpus to the convicting court, said application being filed by the clerk of the court on February 3, 1969. In his application, appellant made these contentions: that he was not taken before a magistrate when he was arrested, did not have counsel at line-up, ineffective counsel, non-cross section jury, perjured testimony and that prosecutor commented on his failure to testify. By answer, filed on May 6, 1969, the State denied all of these contentions. On January 9, 1970, the court entered judgment reciting, "After having examined all the pleadings filed in this cause, the court is of the opinion that the Relator should be granted a belated appeal which is this day granted. The court having found that the Relator, who was a pauper at the time of his appeal, was denied his right to a full record on appeal and the court hereby grants the Relator an out of time (or belated) appeal and appoints the Hon. Scott Bradley as his attorney on appeal . . .." An affidavit was filed by appellant on January 9, 1970, reciting that appellant was too poor to employ an attorney for an appeal. In addition to the order in the judgment appointing counsel, a separate order was entered by the court appointing a lawyer (same attorney) to represent appellant on appeal.

On May 24, 1971, the Hon. Bob Hillin was granted permission to represent appellant on appeal pursuant to a motion which recited said counsel had been employed for appellant by his (appellant's) maternal grandfather.

On March 30, 1972, this Court received "Findings of Fact and Conclusions of Law" from the trial court reciting that the appellant was denied the assistance of counsel to conduct his appeal from the aforesaid conviction and that appellant's application for writ of habeas corpus should be denied "in order to allow appellant time to file an appellate brief."

The record reflects that an evidentiary hearing was never held on appellant's application for writ of habeas corpus.

Article 11.07, Vernon's Ann.C.C.P., which governs the procedure to be taken in post conviction writs, was construed by this Court in Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, where it was said:

"If the undisputed facts or the facts resolved by him after hearing warrant such proceedings, the judge of the convicting court may be in position to afford the applicant rights which have been denied him, such as counsel on appeal; record on appeal; effective aid of counsel on appeal; determination of voluntariness of confession; and nunc pro tunc proceedings to supply or correct the record. See Ex parte Brown, Tex.Cr.App., 210 S.W.2d 597; Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120; Ex parte Hannen, 155 Tex.Cr.R. 10, 230 S.W.2d 236; Ex parte Brian, Tex.Cr.App., 389 S.W.2d 467; Ex parte Mixon, Tex.Cr. App., 396 S.W.2d 417."

In Parris v. State, 453 S.W.2d 505, this Court said:

"The procedure discussed in Ex parte Young, supra, was not designed to authorize a trial judge without a hearing to utilize the office of an out of time appeal to resolve disputed fact issues presented to him by an application for post conviction habeas corpus relief."

In the instant case, an evidentiary hearing was not had upon appellant's application for writ of habeas corpus. No hearing was had upon the question of appellant's right to an out of time appeal.

 The determination by the trial court that appellant was entitled to an out of time appeal is reviewable by this Court. In the instant case, we are unable to review the trial court's action in granting an out of time appeal, since the basis for the court's determination is not before us. See Reed v. State, Tex.Cr.App., 481 S.W. 2d 814.

This out of time appeal is, therefore, dismissed without prejudice to appellant's proceeding further in accordance with Article 11.07, V.A.C.C.P. and Ex parte Young, supra.

It is so ordered.

Opinion approved by the Court.