Ex parte Miguel Ortega DAVILA.

No. 50334.

Court of Criminal Appeals of Texas.

July 16, 1975.

On Rehearing Dec. 17, 1975.

**544**

Ray J. McQuary, Rosharon, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is a post conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P.

Petitioner contends that he is illegally confined on a void sentence. He was indicted on February 27, 1974, for the offense of statutory rape under Article 1183 of the old penal code. The indictment alleged that the offense was committed on December 8, 1973 and that he unlawfully had carnal knowledge of C— G—, who was then and there under the age of eighteen years, not the wife of petitioner. On the advice of his retained counsel, petitioner pled guilty on April 21, 1974, and was sentenced to five (5) years' confinement. No appeal was taken.

On March 18, 1975, the court which heard the plea of guilty denied petitioner's application without a hearing. He did, however, file and forward to this Court his findings of fact and conclusions of law. He found as a fact that the complainant in the rape case was born on August 20, 1956, and at the time of the offense "was seventeen (17) years, three (3) months and nineteen (19) days old." The record of the trial is not before us. Admittedly, this Court is not bound by the findings of the trial court in a habeas corpus proceeding and may make contrary findings when the record will not support the trial court's findings. *Ex Parte Young*, Tex.Cr.App., 479 S.W.2d 45, and cases cited therein. Nevertheless, the finding of the exact date of birth and the exact age of the victim by the court which tried the case lends sufficient verity to these findings to enable us to accept them as fact.

Section 21.09(a) of the new penal code which was in effect at the time the indictment was returned and at the time of trial lowers the age of consent from 18 years to 17 years. Accordingly, after January 1, 1974, consensual intercourse with a female who has attained the age of 17 years is not conduct which is proscribed by the new penal laws of this State.

Texas Penal Code, Sec. 6, Savings Provisions, Acts 1973, 63rd Leg., p. 883, Ch. 399 provides:

"(b) . . . . If, on the effective date of this Act, a criminal action is pending for conduct that was an offense under the laws repealed by this Act and that does not constitute an offense under this

Act, the action is dismissed on the effective date of this Act."

Accordingly, no prosecution for statutory rape of a female 17 years of age or older may now be maintained.

The conviction is set aside, the prosecution ordered dismissed and petitioner is ordered released from custody.

Opinion approved by the Court.

## OPINION

## ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

In its motion for rehearing the State presents three contentions: that the trial court's fact-finding as to the complainant's age is unsupported by the record; that there is insufficient evidence in this record to determine whether the petitioner was entitled to relief; and that by granting relief this Court has, for the first time, allowed a successful collateral attack upon the sufficiency of the evidence. We reject all of these contentions.

Concerning the first two contentions, the State argues that since there was no hearing on this petition, and since no evidence was "presented" to the trial court, we cannot grant habeas corpus relief. The State contends very simply that findings of fact must be supported by reviewable evidence in the record so that this Court may determine if the record developed supports the trial court's findings.

■ We first observe that this Court is given broad power "upon affidavit *or otherwise* to ascertain . . . matters of fact" in habeas corpus cases. Art. V, Sec. 5, Vernon's Ann.Tex.Const. (Emphasis added). And Article 11.07 of our Code of Criminal Procedure provides that the trial court *may* hold a hearing on a habeas corpus petition before entering his findings of fact and conclusions of law; thus, such a hearing is not required.

■ Construing these constitutional and statutory provisions together, we conclude that the proper standard in such cases as the one before us is whether "the fact-finding procedure there employed was . . . adequate for reaching reasonably correct results." *Townsend v. Sain*, 372 U.S. 293, 316, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963).

■ Applying this necessarily flexible standard to this case, we think that several factors justify our conclusion that the procedure was adequate in this case.

First, and most important, the trial judge recited that his findings were based on "the files and records in this case and upon the pleadings." Next, the court found that the complainant was over seventeen years of age at the time of the offense, a fact which was never disputed by the State, though it had ample time to do so. Finally, the trial court concluded that petitioner should be denied relief even though the court entered detailed fact-findings which seemed to warrant relief. We think that this combination of factors lent sufficient credence to the trial court's findings of fact, especially in light of the well-established rule that "we must indulge every presumption in favor of the regularity of the proceedings and documents in the lower court." *McCloud v. State*, 527 S.W.2d 885, 887 (Tex.Cr.App. 1975).

Nor do we agree with the State's contention that we are creating a rule which always favors petitioners over the State. This Court frequently *denies* habeas corpus applications solely upon the findings and conclusions of the trial court, without evidentiary support. Moreover, we can easily conceive of situations where relief would be denied on the basis of the findings of fact even though the trial judge recommended granting the relief.

■ In its final contention the State argues that we are allowing a collateral attack upon the sufficiency of the evidence. This allegation misconstrues the nature of the relief sought.

The petitioner in this case is not challenging the sufficiency of the evidence to support his conviction; instead, he asserts that the trial court did not have jurisdiction to try him.

As we held in our original opinion, this case is controlled by subsection 6(b) of the Savings Provision of our new Penal Code. Under that provision, the trial court was required to dismiss the indictment as soon as it became evident that the conduct alleged was no longer an offense. Once this lack of jurisdiction manifested itself, the sufficiency of the evidence ceased to be relevant, since the indictment should have been dismissed when the evidence was presented showing the complainant to have been over seventeen years of age.[1] Acts 1973, 63rd Leg., Ch. 399, pp. 883, 996, Sec. 6(b). See *Blackledge v. Perry*, 417 U.S. 21, 30–31, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Compare *Wilson v. State*, 520 S.W.2d 377 (Tex.Cr.App.1975); *Mears v. State*, 520 S.W.2d 380 (Tex.Cr.App.1975) and *Ex Parte Bozeman*, 166 Tex.Cr.R. 270, 313 S.W.2d 300 (1958). Contrast *Wright v. State*, 527 S.W.2d 859 (Tex.Cr.App.1975) and *Ambers v. State*, 527 S.W.2d 855 (Tex.Cr.App.1975).

The motion for rehearing is overruled.

DOUGLAS, Judge (dissenting).

The majority overrules the State's motion for rehearing. I dissent. The majority is holding that the trial court's finding of fact that the prosecutrix was seventeen years of age at the time of the offense without the facts being before us is not subject to review by this Court. The trial court concluded that the relief sought should be denied.

This Court has repeatedly held that a trial court's findings of facts and conclusions of law in habeas corpus proceedings are not binding on this Court:

"Initially, it should be noted that this court is not bound by the findings of the trial court in a habeas corpus proceeding. . . . Therefore, this court is required to determine if the record developed supports the trial judge's recommendation." *Ex parte Young*, 479 S.W.2d 45 (Tex.Cr.App.1972).

See also *Ex parte Bagley*, 509 S.W.2d 332 (Tex.Cr.App.1974); *McCuin v. State*, 504 S.W.2d 512 (Tex.Cr.App.1974); *Ex parte Greer*, 505 S.W.2d 295 (Tex.Cr.App.1974); *Ex parte Swinney*, 499 S.W.2d 101 (Tex.Cr.App.1973); *Ex parte Williams*, 486 S.W.2d 566 (Tex.Cr.App.1972); *Ex parte Slaton*, 484 S.W.2d 102 (Tex.Cr.App.1972); *Ex parte Marez*, 464 S.W.2d 866 (Tex.Cr.App.1971); *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967); *Ex parte Johnson*, 153 Tex.Cr.R. 619, 224 S.W.2d 240 (1949); *Ex parte Bazemore*, 430 S.W.2d 205 (Tex.Cr.App.1968).

Before the original opinion, the holdings were that this Court reviewed findings of fact by examining "evidence" presented at an evidentiary hearing in support of petitioner's application for habeas corpus. The majority now concludes that the findings of fact need not be supported by evidence if the "fact-finding procedure . . . was adequate . . . for reaching reasonably correct results."

The majority is apparently holding that "adequate fact-finding procedures" always result in correct findings of fact. Therefore, this Court need not review evidence supporting findings of fact. The error is obvious. Without the facts, we cannot determine if there was an "adequate fact-finding procedure" in the instant case. The majority concludes that the procedure was adequate because (1) the trial judge stated that his findings were based upon "the files and records of this case and upon the pleadings; (2) the State's failure to dispute the prosecutrix's age; and (3) the detailed nature of the trial court's findings of fact.

This Court should review such files and records. Until this decision, allegations in

---

1. Our holding in this case does not reach the issue of whether the petitioner may be reindicted under a different pleading. See Art. 12.05, Vernon's Ann.C.C.P., as amended.

pleadings had no probative value. Evidence had to be introduced to prove the factual allegations in motions for new trial, motions for continuances, motions to suppress, motions to quash and other pleadings. See *Garza v. State*, 502 S.W.2d 155 (Tex.Cr.App.1973); *Turner v. State*, 486 S.W.2d 797 (Tex.Cr.App.1972); *Tsamouris v. State*, 472 S.W.2d 141 (Tex.Cr.App.1971); *Webb v. State*, 460 S.W.2d 903 (Tex.Cr.App.1970) and *Vaughn v. State*, 456 S.W.2d 141 (Tex.Cr.App.1970). The factual allegations in an application for habeas corpus should be afforded no greater probative value than the factual allegations contained in other pleadings.

The fact that the State has not disputed the age of the prosecutrix is not controlling. The State is not required to contest a petitioner's application for habeas corpus.[1] Nor is the age of the prosecutrix exclusively within the knowledge and control of the State.

Finally, the majority concludes that the fact-finding procedure was adequate because the trial court entered "detailed" findings of fact. The detailed findings of fact may suggest that evidence was presented to the trial court on the prosecutrix's age, possibly at some unrecorded, extrajudicial proceeding. Such evidence should be subject to review by this Court.

The majority's holding will encourage trial courts to dispense with evidentiary hearings in habeas corpus proceedings. A trial court may now refuse a request for an evidentiary hearing and enter findings of fact. The evidence supporting such findings is not subject to review by this Court if "the fact-finding procedure was adequate." Yet, if the trial court conducts an evidentia-ry hearing, his findings of fact will be tested against the record.

The majority's holding also appears to be in conflict with *Parris v. State*, 453 S.W.2d 505 (Tex.Cr.App.1970); *Morrow v. State*, 481 S.W.2d 144 (Tex.Cr.App.1972) and *Reed v. State*, 481 S.W.2d 814 (Tex.Cr.App.1972). In each of these cases there was no notice of appeal. The appellants did file applications for writ of habeas corpus alleging various errors in their trials and a denial of their right of appeal. The trial courts granted each appellant an out-of-time appeal *without* an evidentiary hearing. This Court dismissed the out-of-time appeals in each case because the trial court failed to conduct an evidentiary hearing. In *Morrow*, this Court wrote:

"The record reflects that an evidentiary hearing was never held on appellant's application for writ of habeas corpus.

"Article 11.07, Vernon's Ann.C.C.P., which governs the procedure to be taken in post conviction writs, was construed by this Court in *Ex parte Young*, Tex.Cr.App., 418 S.W.2d 824, where it was said:

" 'If the undisputed facts or the facts resolved by him after hearing warrant such proceedings, the judge of the convicting court may be in position to afford the applicant rights which have been denied him, such as counsel on appeal; record on appeal; effective aid of counsel on appeal; determination of voluntariness of confession; and nunc pro tunc proceedings to supply or correct the record. See *Ex parte Brown*, Tex.Cr.App. [152 Tex.Cr.R. 3], 210 S.W.2d 597; *Ex parte Church*, 163 Tex.Cr.R. 357, 292 S.W.2d 120; *Ex parte Hannen*, 155 Tex.Cr.R. 10 [228 S.W.2d 864], 230 S.W.2d

---

1. Article 11.07, Section 2(b), V.A.C.C.P., provides:
   "When a petition for writ of habeas corpus presented to the judge of the convicting court contains sworn allegations of fact, which, if true, would render petitioner's confinement under the felony conviction illegal, the attorney representing the state in said court and the Attorney General of Texas shall be afforded an *op-*

*portunity* to answer such allegations, and if it appears that there are issues of fact which are material on the question of whether the petitioner is illegally restrained which have not been resolved, the petitioner may be granted a hearing on such issues of fact and the judge conducting such hearing shall make and file his findings of fact and conclusions of law." (Emphasis supplied)

**548**

236; *Ex parte Brian*, Tex.Cr.App., 389 S.W.2d 467; *Ex parte Mixon*, Tex.Cr. App., 396 S.W.2d 417.'

"In *Parris v. State*, 453 S.W.2d 505, this Court said:

" 'The procedure discussed in *Ex parte Young*, supra, was not designed to authorize a trial judge without a hearing to utilize the office of an out of time appeal to resolve disputed fact issues presented to him by an application for post conviction habeas corpus relief.'

"In the instant case, an evidentiary hearing was not had upon appellant's application for writ of habeas corpus. No hearing was had upon the question of appellant's right to an out of time appeal.

"The determination by the trial court that appellant was entitled to an out of time appeal is reviewable by this Court. In the instant case we are unable to review the trial court's action in granting an out of time appeal, since the basis for the court's determination is not before us. See *Reed v. State*, Tex.Cr.App., 481 S.W.2d 814."

See also *McCuin v. State*, 504 S.W.2d 512 (Tex.Cr.App.1974).

This cause should be remanded for an evidentiary hearing to determine the evidence offered during the trial. There may be facts to show that forcible rape was committed. If so this would amount to conduct punishable under the present penal code. See *Rockwood v. State*, 524 S.W.2d 292 (Tex.Cr.App.1975), and *Ambers v. State*, 527 S.W.2d 855 (Tex.Cr.App.1975).

Since the application for habeas corpus does not contain enough facts at the trial, this Court does not have the basis to hold that the allegations if taken as true would entitle him to the relief sought.

If enough of the record to determine that the relief should be granted is not required, then a district judge could bypass Article 11.07, V.A.C.C.P., and could be the final authority to release convicted felons even after an affirmance of a conviction by this Court. Article 11.07 and its predecessor were enacted to prevent district judges from releasing convicted felons from the penitentiary without review by the Court of Criminal Appeals.

The motion for rehearing should be granted and an evidentiary hearing granted to develop the facts before finally passing upon this cause.

MORRISON, J., joins in this dissent.