

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,361

### EX PARTE MANUEL LOPEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-08-900100 IN THE 427TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by exposure and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that although he pleaded guilty on the condition that he would be placed on shock probation, he was not returned to Travis County within 180 days, and as a result, the trial court no longer had jurisdiction to place him on shock probation when he eventually returned. TEX. CODE CRIM. PROC. art. 42.12, § 6. The trial court found that shock probation was a condition of

Applicant's plea agreement, that Applicant successfully served over 180 days in the Correctional Institutions Division of the Texas Department of Criminal Justice, and that Applicant was not returned to Travis County within 180 days. On this record, we conclude that Applicant is entitled to relief. The conviction in cause number D-1-DC-08-900100 from the 427th Judicial District Court of Travis County is set aside, and Applicant is remanded to the custody of the sheriff of Travis County to answer the charges in the indictment.

Delivered: June 9, 2010

Do Not Publish