IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,723-05






EX PARTE DWAINE ALLEN COLLIER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 852645-A IN THE 337TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to forgery of a
commercial instrument, and was sentenced to six years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate the enhancement allegations used to increase Applicant's punishment
range in this case, and failed to object to an unauthorized sentence. The offense as charged in this
case was a state jail felony, enhanced using two prior sequential third degree felony convictions to
second degree punishment range. One of the prior third degree felonies alleged as an enhancement
was actually a state jail felony, the punishment for which had been improperly enhanced using one
prior state jail felony conviction and one prior third degree felony conviction. Because the prior state
jail felony conviction was not available for use as a felony enhancement, Applicant should have been
subject to at most a third degree felony punishment range for this offense. Tex. Pen. Code
§12.42(a)(1). Applicant pleaded guilty in exchange for a six-year sentence in this case. Although
the six-year sentence is within the punishment range for a third degree felon and is therefore not an
illegal sentence, the record indicates that Applicant was admonished as to the incorrect punishment
range when he entered his plea.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to submit an affidavit responding to Applicant's claim of
ineffective assistance of counsel. The affidavit shall state whether trial counsel investigated the
validity and the availability of Applicant's prior convictions alleged as enhancement in this case. 
The affidavit shall also state whether counsel was aware of the erroneous enhancement allegation,
and if so, whether counsel advised Applicant that he was subject to punishment in the range of a
third degree, rather than a second degree felony. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 14, 2011

Do not publish