IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,874






EX PARTE WILLIAM EDWARD GARZA, JR., Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM BEXAR COUNTY






 Per Curiam.



OPINION



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P. Ex Parte
Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). In two counts, Applicant was convicted of
sexual assault of a child and indecency with a child by contact in the second-degree. With
regard to each count, his sentences were assessed at fifteen years confinement. Although
Applicant attempted to appeal his convictions by filing a motion for an out-of -time appeal, the
Fourth Court of Appeals denied the motion and dismissed his case for want of jurisdiction. 
Garza v. State, No. 04-02-00475-CR (Tex. App. -- San Antonio 2003, no pet.). 

 Applicant contends that he was deprived of his right to appeal because trial counsel
failed to have another attorney appointed (or to file a notice of appeal) before he filed a motion
to withdraw from Applicant's case. Additionally, Applicant alleges that he was denied his right
to appeal because the trial court failed to appoint appellate counsel in a timely manner.

 The trial court has found that applicant is entitled to an out-of-time appeal. We agree.

Applicant is entitled to an out-of-time appeal in cause number 2000CR0547 from the 226th
Judicial District Court of Bexar County, Texas. Applicant is ordered returned to that point in
time at which he may give a written notice of appeal so that he may then, with the aid of
counsel, obtain a meaningful appeal. For purposes of the Texas Rules of Appellate Procedure,
all time limits shall be calculated as if the sentences had been imposed on the date that the
mandate of this Court issues. We hold that should Applicant desire to prosecute an appeal, he
must take affirmative steps to see that a written notice of appeal is given within thirty days after
the mandate of this Court has issued.


DELIVERED: January 28, 2004

DO NOT PUBLISH