IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-60,503-01






EX PARTE CARL LAMONT SPENCER, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER W02-72263-I(A) IN THE CRIMINAL

DISTRICT COURT NO. 2 DALLAS COUNTY 



 


 Per curiam.

 

O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of theft enhanced by two previous theft convictions and was
sentenced to imprisonment for twenty years and a $10,000 fine. His conviction was affirmed
on direct appeal in an unpublished decision. Spencer v. State, No. 11-02-00306-CR (Tex.
App.--Eastland 2003). Applicant's petition for discretionary review was stricken as non-complaint.

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
trial counsel was ineffective when she "did not believe what I told her and said I was guilty. 
When I asked her to withdraw from my case she refused. During the jury selection phase,
she spoke to the jury repeatedly about my being a 'child molester and killer' with 'no
remorse.' This was highly prejudicial and inflammatory, as well as completely irrelevant
since I was charged with misdemeanor theft (enhanced)."

 The trial court has entered findings of fact and conclusions of law and recommends
that relief be denied. It is this Court's opinion, though, that more information is needed
before this Court can render a decision on this ground for review. The trial court shall order
counsel to respond to Applicant's ineffective assistance of counsel claim. 

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
this issue as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal Procedure,
in that the trial court shall order an affidavit from trial counsel. The trial court may also order
depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court may
rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: DECEMBER 14, 2005

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.