IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,427-01






EX PARTE TED LEWIS HUNT, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 36466-B-1 IN THE 78TH

DISTRICT COURT WICHITA COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was charged in a two-count indictment; each count alleged burglary of a
habitation with intent to commit aggravated assault. The judgments in this cause show that
Applicant pled guilty to both counts and that he was sentenced to concurrent terms of twenty
years in prison. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends that his plea was
not voluntary and that his trial counsel was ineffective. He alleges that the terms of the plea
bargain called for his pleading to only one count of burglary of a habitation and that the State
was to abandon the other burglary of a habitation count.

 While the trial court has entered findings of fact and conclusions of law, it is this
Court's opinion that additional information is needed before this Court can render a decision.
Because this Court does not hear evidence, though, the trial court is the appropriate forum. 
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). 

 In its order recommending that relief be denied, the trial court ordered the district
clerk to include the plea papers in this cause in the record supplied to this Court. However,
the record provided to this Court does not contain any plea papers signed by Applicant or his
counsel. Thus, the trial court shall supplement the record to this Court with these plea papers
or provide a response indicating that no such documents exist. The trial court shall also
supplement the record with any other documents that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. The supplemental record shall be
returned to this Court within 30 days of the date of this order. (1)




DELIVERED MAY 3, 2006.

DO NOT PUBLISH


 
1. [1] Any extensions of this time period shall be obtained from this Court.