IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,671-01






EX PARTE JULIO GONZALES, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 02-E-014 IN THE 130TH

JUDICIAL DISTRICT COURT MATAGORDA COUNTY 






Per curiam.


O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty before a jury to possession of a controlled substance with intent
to deliver and was sentenced to a term of seventy-five years in prison. The conviction was
affirmed on direct appeal in an unpublished opinion. Gonzales v. State, No. 13-03-00090-CR
(Tex. App.--Corpus Christi, delivered July 22, 2004, pet. ref'd).

 In his application, Applicant claims that his plea was involuntary due to ineffective
assistance of counsel and that counsel provided ineffective assistance at the punishment stage
of the trial. Specifically, Applicant argues in his application and memorandum that his guilty
plea was rendered involuntary because his trial counsel allegedly misinformed him that the
State had found Applicant's fingerprints on bags of cocaine. Had counsel not given him this
alleged misinformation, Applicant contends, he would not have pled guilty. Applicant
further argues in his application and memorandum that trial counsel provided ineffective
assistance because he failed to properly voir dire the venire panel concerning punishment
issues and because counsel failed to advise Applicant as to the hazards associated with
testifying. The State has failed to provide an answer to these claims as required by Section
3 of Article 11.07 of the Code of Criminal Procedure, and the trial court has not entered
findings of fact and conclusions of law.

 The record supplied to this Court is insufficient to dispose of Applicant's claims, and
it is therefore this Court's opinion that additional information is needed before this Court can
render a decision. Because this Court does not hear evidence, though, the trial court is the
appropriate forum. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). 

 Thus, the trial court shall resolve these issues as set out in Article 11.07, Section 3(d),
of the Texas Code of Criminal Procedure, in that it shall order trial counsel to file an affidavit
that addresses Applicant's claims of ineffective assistance and involuntary plea, which were
described above. The trial court may also order depositions, interrogatories, or hold a
hearing. In the appropriate case, the trial court may also rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
facts and conclusions of law regarding whether Applicant was denied effective assistance of
counsel and whether Applicant's plea was involuntary. The trial court shall also make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. 

 Resolution of the issues shall be accomplished by the trial court within 90 days of the
date of this order. (1) A supplemental transcript containing all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition along with the
trial court's supplemental findings of fact and conclusions of law shall be returned to this
Court within 120 days of the date of this order. (2)




FILED: MAY 24, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.