IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,950-01






EX PARTE COREY DEWAYNE PHILLIPS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 856,244 IN THE 178th DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life years' imprisonment. The 14th Court of Appeals affirmed his conviction.
Phillips v. State, 14-02-01178-CR (Tex. App.-Houston [14th Dist.], delivered March 11, 2004, no
pet.). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify applicant that his conviction had been affirmed and failed
advise him of his right to petition for discretionary review pro se.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with the opportunity to respond to applicant's claim of ineffective
assistance of counsel on appeal. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether applicant's appellate counsel timely
informed applicant that his conviction had been affirmed and that he has a right to file a pro se
petition for discretionary review. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: JUNE 28, 2006

Do not publish