IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,199-01






EX PARTE ROBERT EARL MAYS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-1728-01 IN THE 7TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacture of
a controlled substance and sentenced to 20 years' imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to notify him of his right to file a pro se petition for discretionary review. Counsel filed an affidavit
at the request of the trial court in response to Applicant's allegations. Counsel stated that she timely
mailed notice of the appellate court's decision with a letter explaining Applicant's appellate rights
to him to the address that Applicant had provided to her. Applicant alleges that he never received
that mailing. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. The trial court filed findings of fact in the initial
application, but this Court feels more information is needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings of fact as to whether Applicant was denied his
right to file a pro se petition for discretionary review because Applicant did not receive timely notice
of the court of appeal's decision. The trial court shall make findings as to Applicant's correct
address at the time of the mailing and whether counsel's letter was sent to the correct address. Trial
court shall make findings regarding when and how Applicant received actual notice that his
conviction had been affirmed by the court of appeals. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 6, 2006

Do not publish