IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,371-01






EX PARTE TRACY JAY NIXON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 70861-168-1 IN THE 168TH DISTRICT COURT


FROM EL PASO COUNTY




 

 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to ninety-nine years' imprisonment. The Eighth Court of Appeals affirmed his
conviction. Nixon v. State, No. 08-94-00075-CR (Tex. App.-El Paso, delivered November 21, 1996,
pet. ref'd).

 Applicant contends that trial counsel rendered ineffective assistance because he failed to
properly object when the State commented on Applicant's post-arrest silence and because he made
an inflammatory argument to the jury during punishment.

 The trial court entered findings of fact and conclusions of law and recommended denying
relief. We believe, however, that the trial court's findings are not sufficient to resolve Applicant's
claims. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall specifically make findings of fact as to when, after being
arrested, Applicant spoke to police officers, and whether Applicant had been Mirandized before
speaking to the officers. Ex parte Heidelberg, No. AP-75,263 (Tex. Crim. App. Nov. 15, 2006). The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 13, 2006

Do not publish