IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,098-01 & -02






EX PARTE RODERICK KEITH COOPER, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 887345 IN THE 184TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to
life imprisonment. The First Court of Appeals affirmed his conviction. Cooper v. State, No. 01-03-00835-CR (Tex. App.-Houston [1st Dist.], delivered Oct. 28, 2004, pet. ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance because
she failed to present corroborating circumstances in a hearing outside the presence of the jury that Michael
Walls's statement against interest was trustworthy. Applicant also contends that counsel failed to re-offer
Walls's statement after other corroborating circumstances were presented at trial. 

 The trial court entered findings of fact and conclusions of law and recommended that we deny. We
believe that the record is not adequate to resolve Applicant's claims. Applicant has alleged facts that, if
true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with a second
opportunity to respond to Applicant's claim of ineffective assistance of counsel. (1) The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether there were corroborating
circumstances that Walls's statement was trustworthy. See Tex. R. Evid. 803(24). If the trial court finds
that there were, it shall make findings of fact as to why counsel did not present such circumstances in the
hearing outside the presence of the jury or re-offer them later at trial. Finally, if the trial court finds that
counsel's performance was deficient, it shall determine whether Applicant was prejudiced. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to
the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: January 30, 2008

Do not publish

1. In her original affidavit, counsel stated that without a court order finding that the attorney-client
privilege had been waived, she was not authorized to say why she did not re-offer Walls's statement.
An ineffective assistance of counsel claim waives the attorney-client privilege. Model Rules of Prof'l
Conduct R. 1.6(b)(5); see also United States v. Ballard, 779 F.2d 287, 292 (5th Cir. 1986).