IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,660-01






EX PARTE DAVID GLENN GATLIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-085-CR-A IN THE 87TH JUDICIAL DISTRICT COURT


FROM FREESTONE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to forgery, and was
sentenced to three years' imprisonment. 

 Applicant contends, inter alia, that he was denied adequate notice that he would be
considered for release on mandatory supervision by the Texas Board of Pardons and Paroles under
the discretionary mandatory-supervision statute, Tex. Code Crim. Proc. art. 42.18, § 8(c). 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was afforded adequate
notice that he would be considered for release on mandatory supervision by the Texas Board of
Pardons and Paroles under the discretionary mandatory-supervision statute. Ex parte Retzlaff, 135
S.W.3d 45 (Tex. Crim. App. 2004). If Applicant was provided with adequate notice, the trial court
shall supplement the habeas record with copies of the notices provided to Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: October 1, 2008


Do not publish