IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,067-01






EX PARTE CARL EDDIE MILLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1010226 IN THE 299TH DISTRICT COURT


FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty years' imprisonment. The Third Court of Appeals affirmed his conviction. Miller
v. State, No. 03-01-00362-CR (Tex. App.-Austin, Aug. 30, 2002, no pet.).

 Applicant contends, among other things, that appellate counsel rendered ineffective
assistance because he did not argue that the State had failed to prove the proper sequence of his prior
convictions. See Tex. Pen. Code § 12.42(d). The trial court has entered findings of fact and
conclusions of law and has recommended that this Court grant relief. We believe, however, that the
record is not sufficient and that the trial court should make further findings of fact and conclusions
of law as to whether Applicant's claim is barred by the doctrine of laches. See Ex parte Carrio, 992
S.W.2d 486 (Tex. Crim. App. 1999).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether the
State has specifically shown (1) that it was prejudiced in its ability to respond to Applicant's claim;
(2) if so, that this prejudice was caused by Applicant's delay in filing his application; and (3) that
Applicant has not acted with reasonable diligence. If the trial court finds that the State has made such
a particularized showing, it shall then make findings of fact and conclusions of law as to whether
Applicant has shown that the State was not in fact prejudiced and that his delay was justified. See
Carrio, 992 S.W.2d at 488. The trial court shall also make findings of fact as to whether Applicant's
1978 burglary of a habitation offense in cause number 50,286 was committed after his 1972
conviction for unlawful possession of a narcotic drug in cause number 43,765 became final. See Tex.
Pen. Code § 12.42(d). The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 14, 2009

Do not publish