IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,617-01






EX PARTE GREGORY LEE RUSSELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,613-A IN THE 115TH DISTRICT COURT


FROM UPSHUR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
methamphetamine with intent to deliver and sentenced to 78 years' imprisonment. The Sixth Court
of Appeals affirmed his conviction. See Russell v. State, No. 06-05-00219-CR, (Tex. App.-
Texarkana, 2006, pet. ref'd.) (not designated for publication).

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
counsel failed to request an accomplice-witness instruction be given with regards to the jury's
consideration of Crystal Keller's testimony. He also alleges that counsel was ineffective for failing
to raise a hearsay objection when Stephanie Smith's affidavit was admitted into evidence and for
failing to make sure that Smith testified at trial so that he could have impeached her testimony on
cross-examination. He also alleges that counsel was ineffective for failing to call Lisa Green,
Martha Russell, Summer Green, Henry Houston, and Intha Vaughan to testify in the guilt phase of
trial. Further, Applicant alleges that counsel was ineffective for failing to investigate whether there
was any mitigating evidence available to present at punishment. Finally, Applicant alleges that
counsel was ineffective for failing to file a motion for continuance so that he would have had more
time to prepare for trial. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984). 

 On December 17, 2008, this Court remanded this application so that the record could be
supplemented with an affidavit from trial counsel. On March 19, 2009, the trial court filed a motion
requesting additional time to resolve the fact issues as it cannot obtain an affidavit from trial counsel
as counsel is deceased. The trial court also asked for guidance on how to proceed in this cause. 

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), to
resolve the fact issues presented in this cause. The trial court may make findings on the basis of its
own review of the record, its personal recollection of the case, and its observation of the witnesses'
demeanor in the courtroom. The trial court may draw reasonable inferences concerning counsel's
strategy on the basis of the evidence in the record. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. If
possible, the trial judge shall make findings of fact concerning the specific issues raised in the
application. Specifically, the trial judge should make findings of fact as to whether counsel
requested that an accomplice-witness instruction be given with regards to the jury's consideration
of Keller's testimony and, if not, whether the record indicates that counsel had a strategic reason for
not requesting such an instruction. The trial judge should make findings of fact as to whether
counsel objected when Smith's affidavit was admitted and, if not, whether the record indicates that
counsel had a strategic reason for not objecting. The trial judge should make findings of fact as to
whether the record indicates that counsel had a strategic reason for not impeaching Smith's 
testimony on cross-examination. The trial judge should make findings of fact as to whether the
record indicates that counsel was aware that Lisa Green, Martha Russell, Summer Green, Henry
Houston, and Intha Vaughan were available to testify in the guilt phase of trial and, if so, whether
the record indicates that counsel had a strategic reason for not calling these witnesses to testify. The
trial judge should make findings of fact as to whether the record indicates that counsel had a strategic
reason for not introducing mitigating evidence at punishment. The trial judge should make findings
of fact as to whether the record indicates that counsel needed more time to prepare for trial and, if
so, whether counsel should have filed a motion for a continuance. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing copies
of all motions filed, a transcription of the court reporter's notes from Applicant's trial and the pre-trial competency hearing, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court. 


 

Filed: April 7, 2009

Do not publish