IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,064-01 & -02






EX PARTE RANDOLPH NEDEDOG RIVERA, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 13,222 & 13,223 IN THE 47TH DISTRICT COURT


FROM RANDALL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of indecency with a child and sentenced to two terms of twenty years' imprisonment. The Seventh
Court of Appeals affirmed his convictions. Rivera v. State, Nos. 07-04-00022-CR & 07-04-00023-CR (Tex. App.-Amarillo, Sept. 22, 2004, no pet.). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he failed to request that the State elect which incident it was relying on. In a sworn affidavit,
trial counsel responded that he decided not to request an election because he believed Applicant's
offenses in Potter County would be jeopardy barred. The trial court made findings of fact and
conclusions of law and recommended that this Court deny relief. Specifically, the trial court
concluded that trial counsel made a reasonable strategic decision not to request an election. But
Applicant was not charged with and tried for committing indecency with a child in Potter County.
As trial counsel recognized at trial, the offenses committed in Potter County were extraneous
offenses. The Double Jeopardy Clause protects against, among other things, a second prosecution
for the same offense after conviction. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). It does
not protect against a second prosecution simply because extraneous offense evidence was introduced
in an earlier proceeding. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). Accordingly,
the trial court shall make further findings of fact and conclusions of law as to whether the
performance of Applicant's counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make findings of fact as to whether
Applicant could have been indicted in Randall County for the Potter County offenses. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 Applicant appears to be represent by counsel. If he is not and the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 

 These applications will be held in abeyance until the trial court makes further findings and
conclusions. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes
from any hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: June 24, 2009

Do not publish