IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-72,612-01 and 02




EX PARTE RAUL GONZALES, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 1047295-A AND 1189658-A IN THE 179th DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and delivery of a controlled substance. He was sentenced
to fifteen years’ imprisonment in each cause. He did not appeal his convictions.
            Applicant contends that his pleas were rendered involuntary due to the ineffective assistance
of his trial counsel. Specifically, Applicant contends that trial counsel rendered ineffective
assistance because, inter alia, he failed to investigate the circumstances surrounding his arrest and
the search and subsequent seizure of narcotics from his vehicle and his residence. If the Applicant’s
allegations are to be believed, the following events occurred:
A. The Applicant and his wife were pulled-over for a traffic violation;
B. The police then ran warrant and identification checks on the Applicant and his
wife. As a result of this check, no outstanding warrants were found, but both the
Applicant and his wife were handcuffed and placed in separate police vehicles;
C. The police, after securely sequestering them away from their vehicle, asked both
the Applicant and his wife for permission to search the vehicle. Both the Applicant
and his wife refused permission to search the vehicle;
D. The police, without a warrant or consent, then performed a search of the vehicle’s
interior and trunk, including (presumably) the removal of a car seat from the vehicle
for inspection;
E. After discovering narcotics in the car seat, the police then transported the
Applicant and his wife to their residence in separate vehicles. Upon arrival, the police
asked Applicant for permission to search the home. After Applicant refused
permission to search the home, the police then went to Applicant’s wife and tricked
her into signing a consent form by lying to her about Applicant’s refusal to consent
to the search;
F. As a result of lying to Applicant’s wife, the police then searched the residence and
found additional narcotics.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 23, 2009
Do not publish