IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,249




EX PARTE QUILLON AKMON BROWN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 25298-B IN THE 3RD JUDICIAL DISTRICT COURT
FROM ANDERSON COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
kidnapping, and originally received ten years’ deferred adjudication community supervision. His
guilt was later adjudicated, and he was sentenced to twenty-five years’ imprisonment. 
            Applicant contend, inter alia, that he was denied the opportunity to appeal, because the trial
court did not appoint appellate counsel to represent him, despite his indigence, and did not rule on
his pro se notice of appeal. We remanded this application to the trial court for findings of fact and
conclusions of law.
            The trial court has determined that neither Applicant’s pro se notice of appeal nor his
affidavit of indigence were ruled upon by the trial court. The trial court has also determined that
despite the fact that Applicant was indigent at the time of his attempted appeal, no appellate counsel
was appointed. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time
appeal of the judgment of conviction in Cause No. 25298-B from the 3rd Judicial District Court of
Anderson County. Applicant is ordered returned to that time at which he may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentence had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.
 
Delivered: October 28, 2009
Do Not Publish