IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-73,141-01 AND WR-73,141-02






EX PARTE JEDIDIAH ELLISON WALKER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. B0914-1 AND B08579-1 


IN THE 198TH JUDICIAL DISTRICT COURT

FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one charge
of possession of a controlled substance and sentenced to fifteen years' imprisonment. He
subsequently pleaded guilty to another charge of delivery of a controlled substance in exchange for
a second fifteen-year sentence, to run concurrently with the first sentence. He waived his right to
appeal in both cases.

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
file a motion to suppress evidence obtained in an illegal search and seizure, failed to interview or
subpoena witnesses, and failed to advise Applicant of the consequences of waiving his appellate
rights. Applicant also alleges that after he was found guilty in the -02 case, counsel advised him to
plead guilty to the -01 charge because he "could not win" the case. Applicant alleges that he would
not have pleaded guilty to the -01 charge had counsel not been ineffective in the -02 case. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to how and when the State gave notice of its
intent to enhance punishment in these cases. The trial court shall make findings as to whether
counsel filed a pre-trial motion to suppress evidence, or argued that the evidence in these cases was
obtained by way of an unconstitutional search and seizure. If counsel did not challenge the validity
of the search and seizure, the trial court shall make findings as to why not. The trial court shall make
findings as to whether counsel interviewed witnesses, and as to whether counsel subpoenaed either
of Applicant's fellow-passengers to testify at his trial. If counsel did not subpoena these witnesses,
the trial court shall make findings as to why he did not. The trial court shall make findings as to why
counsel advised Applicant to waive his right to appeal the -02 conviction. The trial court shall make
findings as to whether counsel advised Applicant to plead guilty in the -01 cause, and if so, whether
such advice was deficient. The trial court shall make findings as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 13, 2010

Do not publish