IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,652-01






EX PARTE RODNEY CORDELL EDWARDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 28048CR IN THE 40TH DISTRICT COURT


FROM ELLIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his
conviction. Edwards v. State, No. 10-04-00195-CR (Tex. App.-Waco 2005, no pet.).

 Applicant contends that his trial counsel rendered ineffective assistance because, among other
things, he failed to investigate and subpoena a co-defendant who could have provided exculpatory
evidence. Applicant also contends that appellate counsel failed to advise Applicant of his right to file
a pro se petition for discretionary review. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial and appellate counsel, Todd Phillippi, to respond to his ineffective
assistance of counsel claims. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Mr. Phillippi was deficient and, if so, whether his deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 29, 2010

Do not publish