IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,456-02




EX PARTE DAVID ERON BOUKNIGHT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 06-0511X IN THE 71ST JUDICIAL DISTRICT COURT
FROM HARRISON COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts of
indecency with a child and was sentenced to ten years’ imprisonment. He did not appeal his
conviction.
            Applicant contends that he was convicted on the basis of an unconstitutional statute, that he
was denied the right to counsel when he made a statement to authorities, that he is actually innocent,
that the prosecution presented perjured testimony, and that his trial counsel rendered ineffective
assistance. 
            The trial judge presiding over this habeas proceeding was Applicant’s defense counsel at
trial. Although the trial court has not entered findings of fact and conclusions of law, and has made
no recommendation as to the disposition of this case, the trial judge is constitutionally disqualified
from presiding over this habeas proceeding. Article V, Sec. 11 of the State Constitution reads in part
as follows: “No judge shall sit in any case wherein . . . he shall have been counsel in the case.” We
therefore remand this case, so that the presiding judge of the administrative judicial district may
assign a different judge to preside over this matter. Tex. Code Crim. Proc. art. 30.02.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: January 26, 2011
Do not publish