IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-72,580-01 and WR-72,580-02






EX PARTE MICHAEL GEORGE LAHOOD, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 960494-A AND 960495-A IN THE 185TH

DISTRICT COURT FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court these applications for writs of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted of Aggravated Kidnapping and Aggravated Sexual Assault and sentenced to terms
of thirty years' imprisonment in each case to run concurrently. The convictions and sentences
were affirmed on direct appeal. LaHood v. State, 171 S.W.3d 613 (Tex. App.--Houston [14
Dist.] 2005).

 Applicant has alleged multiple claims of ineffective assistance of trial counsel, and
the trial court has entered factual findings, recommending that relief be denied. A central
issue is whether trial counsel was deficient for failing to suggest incompetency to stand trial,
especially where Applicant decided to testify, and whether Applicant was harmed by the
alleged deficiency. See Strickland v. Washington, 466 U.S. 668 (1984); Tex. Code Crim.
Proc. art. 46B. According to Applicant, his decision to testify in the face of the severe
negative consequences was "bizarre irrational conduct" that "illustrates that Applicant did
not understand the proceedings and could not rationally consult with counsel or assist counsel
with the preparation of his defense." In support of this claim, Applicant has provided the
affidavits of two medical experts. Both experts conclude that bona fide evidence exists in the
trial and medical record that Applicant was incompetent to stand trial. Applicant has
therefore alleged facts that, if true, might entitle him to relief. 

 In these circumstances, additional fact-finding is needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall make further findings of fact regarding
whether Applicant was able to make an informed, knowing, and intelligent decision to
testify. Also, the trial court shall supplement the record to this Court with the notes trial
counsel references in her affidavits that she states Applicant made during trial. If the notes
cannot be provided, the trial court shall make factual findings regarding the reason(s) why.
The trial court shall also make any other findings of fact that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d), and in the appropriate case, the trial court may rely on its personal recollection. Id. If
the trial court elects to hold a hearing, it shall determine whether Applicant is represented by
counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 



Filed: June 8, 2011

Do not publish