IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,481-01






EX PARTE JEREMY JERMAINE FULBRIGHT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22731 IN THE 6TH JUDICIAL DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts of
aggravated robbery and was sentenced to thirty years' imprisonment for each count, to run
concurrently. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate and learn that the State had previously offered to reduce Applicant's
charges in exchange for his cooperation with investigating authorities. Applicant alleges that he did
cooperate and provide information which led to the identification of a co-defendant. Applicant
alleges that the co-defendant received deferred adjudication community supervision pursuant to a
plea agreement. However, after Applicant retained different counsel, he alleges that he was
persuaded to plead guilty to the aggravated robbery charges pursuant to a negotiated plea which he
believed would result in deferred adjudication, but which in fact resulted in the thirty-year prison
sentence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall obtain an affidavit from each of Applicant's trial attorneys responding to
Applicant's claims of ineffective assistance of counsel. Specifically, each attorney shall state
whether he was aware of any offer extended by the State in exchange for Applicant's cooperation
with the investigation, and shall state, if such an offer existed, what were the terms of the offer, and
what happened to the offer. Each attorney shall also state whether he advised Applicant that he
would receive deferred adjudication community supervision pursuant to his plea agreement. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of either of
Applicant's trial attorneys was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court. 



Filed: October 12, 2011

Do not publish