

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,713

**EX PARTE JAMES DANIEL HARRIS, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 49,178-C IN THE 89TH DISTRICT COURT
FROM WICHITA COUNTY**

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and was sentenced to life imprisonment.

In his writ application, Applicant contends his appellate counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Based on counsel's affidavit stating a calendaring error resulted in an untimely notice of appeal being filed, the trial court

recommends relief be granted. The recommendation is supported by the record. We therefore hold that Applicant is entitled to the opportunity to file an out-of-time appeal from the judgment of conviction in Cause No. 49,178-C from the 89th Judicial District Court of Wichita County.

Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. Should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: January 11, 2012
Do Not Publish