IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,054-01






EX PARTE JEFFERY GORDON NICKERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 33777 IN THE 33RD DISTRICT COURT


FROM BURNET COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacture of
controlled substances, possession of controlled substances, and possession of certain chemicals with
intent to manufacture controlled substances. He was sentenced to two twenty-year sentences and one
ten-year sentence. He did not appeal his convictions. 

 Applicant contends, inter alia, that the convictions for manufacturing a controlled substance
and possession of a controlled substance violate principles of double jeopardy. He also alleges that
his plea was involuntary because he did not understand that convictions for both manufacturing and
possession of a controlled substance could have violated double jeopardy. Applicant has alleged facts
that, if true, might entitle him to relief. Weinn v. State, 326 S.W.3d 189, 194 (Tex. Crim. App. 2010).
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his convictions violate double jeopardy and that his plea was involuntary due to counsel's
ineffectiveness. The trial court shall make specific findings of fact addressing whether Applicant's
convictions for manufacturing and possessing methamphetamine were supported by evidence of a
single quantity of controlled substance or whether there was evidence of different caches of
controlled substances in sufficient quantities to support the convictions. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 14, 2012

Do not publish