

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,955 & AP-76,956

### EX PARTE FELIPE DIAZ, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 10-319 and 10-320-SJ IN THE 130TH DISTRICT COURT
### FROM MATAGORDA COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and tampering with evidence. He was sentenced to two years and twenty years in prison, respectively.

Applicant contends that he was denied his right to appeal these convictions through no fault of his own. We remanded the applications to the trial court for findings of fact and conclusions of law.

The trial court has determined that Applicant timely expressed his desire to appeal the convictions, but notices of appeal were not timely filed. *See Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). Applicant is therefore entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause Nos.10-319 and 10-320-SJ from the 130th District Court of Matagorda County.

Applicant is ordered returned to that time at which he may give written notice of appeal in both cases so that he may then, with the aid of counsel, obtain meaningful appeals. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 30, 2013
Do not publish