IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,099-01




EX PARTE GUADALUPE LOPEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10-10-06789-MCRAJA IN THE 365TH DISTRICT COURT
FROM MAVERICK COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to ten years’ imprisonment. He did not appeal his conviction. 
            This case was remanded for responses and findings addressing Applicant’s contention that
his plea was involuntary because he was not released to community supervision after spending 180
days in prison due to his ineligibility for “shock” probation. The trial court held a hearing and made
findings that Applicant’s initial guilty plea was voluntary, as it did not contemplate “shock”
probation. Tex. Code Crim. Proc. art. 42.12 § 6. The initial plea agreement contemplated an eight-year “cap” on punishment, and the State stipulated that it would not object to argument for a lesser
sentence, including probation. The record after remand shows that Applicant was represented by
different lawyers at his initial guilty plea and his sentencing hearing. Sentencing counsel invited the
trial judge to exceed the negotiated cap and sentence Applicant to ten years’ imprisonment and a
$10,000 fine if the trial judge would retain jurisdiction for 180 days and consider Applicant for
release to “shock” probation. The record contains no response from Applicant’s sentencing counsel
and no findings as to whether counsel determined whether Applicant was eligible for “shock”
probation before inviting the trial court to sentence Applicant above the negotiated cap and then
consider him for “shock” probation. Based on the current record, Applicant could be entitled to
relief. 
            As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order sentencing counsel to
respond to the claim that his ineffective acts harmed Applicant. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.
            It appears that Applicant is represented by counsel. If the trial court determines he is not
represented by counsel and elects to hold another hearing, it shall then determine whether Applicant
is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.
              The trial court shall make findings of fact and conclusions of law in regard to counsel’s
actions at sentencing. The trial court shall make specific findings addressing whether counsel knew
that Applicant was not eligible for “shock” probation. The trial court shall make specific findings
detailing how Applicant was advised by sentencing counsel as to his eligibility for “shock” probation
at the time of his plea. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 
Filed: May 15, 2013
Do not publish