

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-80,593-01

**EX PARTE DAVID T. MENDOZA, Applicant**

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2006-414,757-A IN THE 137TH DISTRICT COURT
FROM LUBBOCK COUNTY

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Trial counsel submitted an affidavit in which he concedes that although Applicant has always maintained that he wanted to appeal this conviction, and although counsel filed a motion for new trial on Applicant's behalf, counsel did not file notice of appeal because he did not receive payment of fees to do so.

The trial court has determined that counsel failed to timely file a notice of appeal, and did not comply with the procedural requirements necessary to ensure that Applicant received appointed appellate counsel. The trial court finds that counsel's failure to file notice of appeal was not a matter of trial strategy.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 2006-414,757-A from the 137th District Court of Lubbock County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 15, 2014
Do not publish