

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,477-01

**EX PARTE JUAN MARTIN LOPEZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-04-0780-A IN THE 22ND DISTRICT COURT
### FROM HAYS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of several child-sex offenses against four victims. There was no direct appeal.

Applicant argues that he is actually innocent. He states that two of the four victims provided recantations, and the State argues why the recantations are not credible. These recantations were not made part of the habeas record to this Court, and the trial court did not hold an evidentiary hearing. We believe that, in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court

shall therefore conduct a live evidentiary hearing on the matter. The trial court shall weigh the evidence of Applicant's guilt, including all of the testimony at trial, against the new evidence of innocence. *See Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall enter findings of fact as to the credibility of each witness and as to whether Applicant is actually innocent of the offenses. The trial court shall also supplement the record to this Court with the recantations Applicant provided.

It does not appear that Applicant is represented by habeas counsel. If not, the trial court, within 30 days of the date of this order, shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the evidentiary hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Delivered: April 12, 2017
Do not publish